IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TOMMIE LEE WILLIAMS | : | |
| Petitioner, | : | |
| vs. | : | CIVIL ACTION NO. 1:21-00023-CG-N |
| STATE OF ALABAMA, | : | |
| Respondent. | : | |

REPORT AND RECOMMENDATION

Petitioner TOMMIE LEE WILLIAMS, a former federal inmate proceeding pro se, initiated this civil action by filing a petition under 28 U.S.C. § 2241 dated January 3, 2021 (Doc. 1).[1] This action was referred to the undersigned pursuant 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72, and is now before the Court on Petitioner's failure to prosecute.

Petitioner failed to either pay the statutory $5.00 filing fee for his habeas petition, see 28 U.S.C. § 1914(a), or file a motion to proceed without prepayment of fees under 28 U.S.C. § 1915. Accordingly, on June 4, 2021, the Court ordered Petitioner to either file a motion to proceed without prepayment of fees on the Court's form, or pay the $5.00 filing fee, by June 25, 2021 (Doc. 2). On or about June 14, 2021, the Court received notice that the copy of the order set to Petitioner at his last known address at the Federal Correctional Institution in Talladega, Alabama, had been returned marked "RETURN TO SENDER UNABLE TO LOCATE" (Doc. 3). A review of the Federal Bureau of Prisons's online prisoner locator (https://www.bop.gov/inmateloc/) indicates the Petitioner

---

1 As explained in the Court's prior order (Doc. 2), though Petitioner labels his petition as brought under 28 U.S.C. § 2254, the undersigned finds that it should be construed as brought under 28 U.S.C. § 2241, given the relief requested.

1

was released from custody on February 19, 2021, and to date, he has failed to update the Court with his new address or to otherwise inquire about the status of this case.[2]

Under both Federal Rule of Civil Procedure 41(b) and its own inherent power to manage its docket, a federal district court is authorized to dismiss a case *sua sponte* for failure to prosecute. Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005). See also S.D. Ala. CivLR 41(c) ("Whenever it appears that the Plaintiff is not diligently prosecuting the action, the Court upon notice may dismiss the action for failure to prosecute, in accordance with applicable law."). Here, Petitioner has failed to either pay the filing fee or file a motion to proceed without prepayment of fees within a reasonable time, has not updated his address with the Court since his release from federal custody on February 19, 2021, and has not filed anything else or otherwise inquired about the status of his case since filing his habeas petition in early January 2021. Upon due consideration of the foregoing, and of the alternatives available to the Court, it is **recommended** that this action be **dismissed without prejudice** for failure to prosecute, under both Rule 41(b) and the Court's inherent authority, as no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1983); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) (ruling that federal courts'

---

[2] Under the Court's local rules, "[a]ny person proceeding pro se must, at all times during the pendency of the action to which he or she is a party, keep the Clerk informed of his or her current address and telephone number. A pro se party must promptly notify the Clerk of any change of address or telephone number. Failure to comply with this [directive] may result in sanction,

inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir. 1993) (finding that the court=s inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

CERTIFICATE OF APPEALABILITY

The undersigned recommends that a certificate of appealability (hereinafter COA) in this case be denied. The habeas corpus statute makes clear than an applicant in entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice of judge issues a COA. 28 U.S.C. § 2253 (c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v McDaniel. 59 U.S. 473, 484 (2000); see Miller-El v Cockrell, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as Petitioner has failed to prosecute this action, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition of that Petitioner should be allowed to proceed further, Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude

---

including dismissal of a pro se plaintiff's action…" S.D. Ala. GenLR 83.5(b).

either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

**CONCLUSION**

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be dismissed without prejudice. Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis.*

The attached sheet contains important information regarding objections to the Report and Recommendation.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1*,* "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge

is not specific.

DONE this 1st day of July, 2021.

                                                  s/KATHERINE P. NELSON
                                              UNITED STATES MAGISTRATE JUDGE